838 F.2d 1223
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rodney M. HAUGER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3437.
 United States Court of Appeals, Federal Circuit.
 Jan. 27, 1988.
 
 Before NIES, ARCHER and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (MSPB), Docket No. PH07528710033, sustaining the action of the Department of the Navy in removing petitioner Rodney M. Hauger from his position as Mail and File Clerk at the Commander Oceanographic System Atlantic in Norfolk, Virginia, is affirmed.
 
 
 2
 Hauger was removed for disrespectful conduct and failure to follow his supervisor's instructions. He contends that the agency did not meet its burden of proving that he failed to follow instructions. However, the MSPB carefully considered testimony by appellant's supervisor, Ms. Ford, and a corroborating witness, Ms. Bray, and found "that the appellant initially refused [to pick up mail] and told Ms. Ford to do it herself. This constitutes a failure to follow instructions." This finding is supported by substantial evidence. See 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 Hauger further contends that the removal penalty was unreasonable. The MSPB considered all of the circumstances of the offense including prior disciplinary actions and possible mitigating factors and concluded "that removal was not an overly harsh penalty under [the] circumstances." We cannot say that the board erred. This court will defer to the board's decision unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (quoting Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976), cert. denied, 444 U.S. 1044 (1980)). See also Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984).