868 F.2d 1278
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alan R. DUNN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3285.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1989.
Rehearing Denied May 18, 1989.
 
 Before RICH, NIES and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. BN07528810065, sustaining the removal of Alan R. Dunn from his position of Custodial Laborer, PS-3, based on charges of mistreatment of mail matter (three counts) is modified. The penalty is mitigated to a six-month suspension.
 
 OPINION
 
 2
 The Administrative Judge (AJ) concluded that removal was an appropriate penalty because Mr. Dunn's "potential for rehabilitation is not good." From a review of the entirety of the record, we conclude that this finding is unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Mr. Dunn had no previous disciplinary charges during the course of his three-year employment. Also, shortly before the occurrence of the incidents with which he is charged, he inquired concerning the legality of removing empty soda cans from the trash for the purpose of recycling. Instead of using this fact in his favor, it was used to show he knew it was improper to take anything out of a trash receptacle. Therefore, per the AJ, assuming Dunn did seek out his supervisor for advice, that action would not serve in Mr. Dunn's favor. On that point the AJ abused her discretion. Id. In fact the Safety and Service sheet of record instructs that "items of value found in the trash must be turned over to our supervisor," which clearly qualifies the preceding statement that "no items can be removed from [the] trash." (Emphasis supplied.)
 
 
 3
 We conclude that the agency did not establish Mr. Dunn's lack of rehabilitative potential based upon, for example, a pattern of conduct. The penalty of removal is excessive when based solely on the charges before us and all of the circumstances in this case. Hence, the board abused its discretion in sustaining the removal. Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984). We, therefore, mitigate the penalty of removal to a six-month suspension.*
 
 Costs
 
 4
 Petitioner is entitled to costs.
 
 
 
 *
 This penalty appears in line with numerous other decisions of the board in similar circumstances. See, e.g., Butler v. United States Postal Serv., 37 M.S.P.R. 457 (1988)