11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David C. MAYER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3197.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1993.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 David C. Mayer petitions for review of the October 5, 1992 decision of the administrative judge (AJ) in Merit Systems Protection Board (Board) Docket No. PH0752920493-I-1. The AJ's decision became the final decision of the Board when Mr. Mayer's petition for review was denied on January 12, 1993. In his decision, the AJ sustained the action of the United States Postal Service (Agency) removing Mr. Mayer from his position as postmaster for failure to account for and protect postal funds and property and for failure to follow proper accounting procedures. We affirm.
 
 DISCUSSION
 
 2
 Mr. Mayer's principal contention is that the Board's failure to mitigate the penalty of removal amounted to an abuse of discretion. However, this court will not disturb a penalty "unless it exceeds the range of permissible punishment or is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Gonzalez v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985) (quoting Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984)). In this case, imposition of the penalty of removal did not amount to an abuse of discretion.
 
 
 3
 Upon review of the Agency's penalty selection, we conclude that the Agency did not fail to consider the relevant factors and to strike a responsible balance within the limits of reasonableness under the guidance of Douglas v. Veterans Administration, 5 M.S.P.R. 280, 296-308 (1981). In his opinion, the AJ described the Agency's consideration of the Douglas factors and considered Mr. Mayer's arguments for mitigation. The AJ noted that the Agency did in fact consider factors favoring mitigation, namely, Mr. Mayer's length of service and absence of past disciplinary record. However, the AJ also noted that the Agency was more persuaded by significant countervailing factors, namely, Mr. Mayer's mediocre merit evaluations, the fact that the post office where Mr. Mayer was postmaster was in disarray, and, most importantly, the nature and size of the shortage of funds and property.
 
 
 4
 Mr. Mayer's contention that Moschner v. United States Postal Service, 7 M.S.P.R. 523 (1981), mandates mitigation is not persuasive. In Moschner, the Board made a determination as to what Douglas factors were relevant to the reasonableness of the penalty, id. at 528, which indicates that the Board was not satisfied with the agency's consideration of relevant factors. In this case, the Agency did consider appropriate mitigating factors. Moreover, Moschner is also distinguishable on its facts from this case. There is nothing in Moschner which indicates that the conduct at issue there resulted in significant financial loss or continued over a significant period of time, as in this case.
 
 
 5
 Mr. Mayer contends that the Board erred in finding that the penalty of removal promoted the efficiency of the service. We disagree. The penalty of removal promotes the efficiency of the service where the individual's actions are so harmful the agency can no longer rely on that person. Where, as here, an employee's conduct results in significant financial losses over a significant period of time, the agency's determination that it can no longer rely on the employee is reasonable, and the penalty of removal does in fact promote the efficiency of the service.
 
 
 6
 Finally, Mr. Mayer's contention regarding his allegedly improper premature termination from the rolls of the Agency is moot in light of our affirmance of the penalty of removal.