26 F.3d 141
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eric ROY, Sr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3407.
 United States Court of Appeals, Federal Circuit.
 May 19, 1994.
 
 Before NEWMAN, MICHEL and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Eric Roy, Sr. appeals the decision of the Merit Systems Protection Board (Board), Docket No. DA-0752-93-0012-I-1, which became final on May 21, 1993, when the Board denied review of the initial decision issued February 1, 1993. The Board affirmed the action of the United States Postal Service (agency), removing Roy from his position as a letter carrier for falsifying government reimbursement forms. Because the findings of the Administrative Judge (AJ) are supported by substantial evidence and the penalty was not unreasonable, we affirm.
 
 DISCUSSION
 
 2
 The agency charged Roy with falsifying several Postal Service Forms 1164 (PS 1164) on which he claimed reimbursement for travel to dozens of physical therapy treatments which he did not attend. Roy admitted that some entries were incorrect and he stipulated to the correctness of the agency's analysis of his claims. Before both the AJ and this court, Roy maintained that he had not intended to deceive the agency, but rather the errors were due to poor memory and bookkeeping.
 
 
 3
 Due to the timing and number of incorrect entries, the AJ did not accept Roy's contention. Instead, she found that Roy knowingly submitted incorrect claims with the intent to deceive the agency and obtain reimbursement to which he was not entitled. The AJ explained:
 
 
 4
 For example, in March 1992, the appellant claimed reimbursement for 14 trips to physical therapy. In fact, the medical records reflect only three scheduled appointments in March, and the appellant kept only one appointment. Thus, the appellant was entitled to reimbursement for only one of the 14 March claims. It is incredible that the appellant's records and memory could be so poor that he thought he had attended 14 physical therapy appointments in March 1992, when he only went to one. Because the PS 1164 listing the March claims was submitted on April 1, 1992, it is reasonable to expect the appellant to remember how many physical therapy appointments he had in March.
 
 
 5
 Slip op. at 3.
 
 
 6
 Roy challenges the AJ's finding that he intentionally submitted incorrect information by arguing that the AJ failed to take into account several facts, namely that the particular PS 1164 referred to covered the period from December 30, 1991 through March 23, 1992 and contained 31 entries, only 13 of which were inaccurate. At oral argument, Roy attempted to explain the incorrect entries as caused by the circumstance under which he completed the form--from memory, in a hurry, in the office of a personnel director.
 
 
 7
 This court, however, must affirm a fact finding by the Board unless it is unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). Roy's justification does not explain how his memory could have been so poor regarding March when he completed the form on April 1st. Thus, we uphold the AJ's finding that Roy knowingly submitted incorrect claims with the intent to deceive the agency as supported by substantial evidence.
 
 
 8
 Roy also challenges the removal penalty as being too harsh. Roy points to the minimal amount of money involved and the circumstances under which he made the incorrect entries as mitigating factors. We must defer to the agency's choice of penalty unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion. Villela v. Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984).
 
 
 9
 The AJ credited the testimony of the deciding official, Woodrow Still, who stated that he considered several Douglas factors. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 303 (1981). Still considered the small amount of money involved but that factor was not determinative. Rather, it was Roy's conduct in submitting the false claims for travel that was significant. Still also considered other Douglas factors as set out in the decision letter, including Roy's length of service, the seriousness of the offense and its relation to his duties, the consistency of the penalty with those imposed on other like employees, and the effect of Roy's actions on his ability to perform his duties. The AJ found that Still properly considered the relevant factors. The AJ also concluded that Roy's length of service and lack of disciplinary record did not outweigh the seriousness of the sustained charge. Therefore, the agency and the AJ did consider the factors which Roy indicated as most significant, the amount of money involved and the absence of prior disciplinary proceedings during his five years of service.
 
 
 10
 Moreover, the conditions under which Roy prepared the forms do not constitute a mitigating circumstance that must be considered in reviewing the penalty, much less that would warrant a lesser penalty. In this case, the likelihood that the employee committed the charged offense is not relevant to mitigation of the penalty once the agency has proven the charge by a preponderance of the evidence. The conditions under which the forms were allegedly prepared are relevant to whether Roy intentionally submitted false forms, but once we accept the AJ's finding that Roy knowingly falsified the forms in order to defraud the government, those conditions are no longer relevant to explaining Roy's offense in order to mitigate the penalty. Roy's falsification of the forms cannot be knowing with an intent to defraud while at the same time be mitigated because he worked from memory while in a hurry.
 
 
 11
 Roy has not argued that any other neglected factor was significant. It is not reversible error if the Board fails expressly to discuss all the Douglas factors as long as the Board determines that the agency considered the factors significant to the particular case. Kamferman v. Dep't of Navy, 785 F.2d 286, 291 (Fed.Cir.1986). Thus, even though the AJ and agency did not expressly mention every Douglas factor, there is no reversible error in the AJ's finding that the agency properly considered those that were significant. Indeed, the detail of the AJ's Douglas analysis here exceeded the requirement of our case law. Finally, given the seriousness of the charge and the high degree of trust invested in Roy's position as a letter carrier, in light of the irreversible findings of the AJ, we cannot say the removal penalty amounts to an abuse of discretion. That a lesser penalty might have been appropriate does not suffice. On appeal we cannot overturn the penalty selected by the agency unless it is "grossly disproportionate" to the offense. That standard is not met here.