36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hilario FLORES, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 94-3329.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1994.
 
 Before ARCHER, Chief Judge, RICH, and NIES, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Hilario Flores (Flores) petitions for review of the December 16, 1993, initial decision of the Merit Systems Protection Board (MSPB or board), Docket No. DA-0752-93-0643-I-1, which became final on April 18, 1994, affirming a decision of the Department of Veterans Affairs (agency) to remove Flores. We affirm.
 
 DISCUSSION
 
 2
 Flores was removed from his position as a clerk-typist, GS-4/2, at the Veterans Administration (VA) Medical Center in San Antonio, Texas, for selling marijuana to an informant employed at the nearby Kelly Air Force Base on July 25, 1992, and to an undercover agent on August 12, 1992. Following these two incidents, a joint military/criminal investigation was initiated which revealed that Flores had been involved in the use, possession, and distribution of controlled substances since 1986. Based on these findings, Flores was removed from his position because his activities were incompatible with Executive Order 12564 (providing for a drug-free workplace) and violated 5 CFR Sec. 735.203.
 
 
 3
 Flores appealed the agency decision to the MSPB. The Administrative Judge (AJ) conducted a conference from which a Memorandum of Conference and Rulings issued. Therein, the AJ noted that Flores stipulated to both charges of selling marijuana. Thereafter, the AJ held a hearing and affirmed Flores' removal, ruling that Flores' stipulation to the charges satisfied the VA's burden of proof; that a nexus existed between Flores' off-duty distribution and sale of marijuana to persons at a nearby military base and the efficiency of the VA's mission because Flores was distributing drugs to the patient population serviced by the VA, and because Flores had potential access to controlled substances at the VA hospital at which he worked.
 
 
 4
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 5
 Flores argues that the AJ erred in accepting the agency's contention that a nexus existed between the stipulated misconduct and the efficiency of the service. We cannot agree. Flores worked at an agency hospital whose mission includes medical treatment and rehabilitation of military veterans for drug addiction. He was distributing and selling marijuana to the very military population that his agency serviced. Unquestionably, there is a nexus when an employee of a facility whose mission it is to treat military personnel for drug addiction is selling drugs to personnel on a nearby military base.
 
 
 6
 Regarding the reasonableness of the penalty, that matter is left to the discretion of the agency and will be reviewed by the board only if there is evidence that it is clearly excessive or that it is arbitrary, capricious, or unreasonable. As noted by the AJ, Flores offered no evidence or argument to support his contention that removal was too harsh a punishment for his misconduct. Furthermore, the AJ carefully reviewed the record to determine whether the agency had considered the relevant Douglas factors. See Eidmann v. Merit Sys. Protection Bd., 976 F.2d 1400, 1408 (Fed.Cir.1992) (citing Douglas v. Veterans Admin., 5 MSPR 280, 305-05 (1981)). After considering Flores' prior record and the lack of mitigating circumstances, the AJ held the penalty reasonable given the serious nature of the misconduct.
 
 
 7
 We must defer to the agency's choice of penalty unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion. Villela v. Department of Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984). Given the seriousness of the sustained misconduct and its conflict with the mission of the agency, we cannot conclude that the removal penalty is an abuse of discretion.