45 F.3d 444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Helen D. REYNOLDS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3597.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1995.
 
 Before ARCHER, Chief Judge, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Helen D. Reynolds petitions for review of the final decision of the Merit Systems Protection Board (Board) affirming her removal from the United States Postal Service (agency). Reynolds v. United States Postal Serv., Docket No. DC-0752-94-0207-I-1. The April 20, 1994 initial decision of the administrative judge became the final decision of the Board when the full Board denied review on August 4, 1994. We affirm.
 
 DISCUSSION
 
 2
 This court must affirm the Board's decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 2) obtained without procedures required by law, rule or regulation having been followed, or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Ms. Reynolds was removed from her supervisory position based upon three grounds: Unsatisfactory Performance/Unauthorized Absence from Work Area/Delay of Mail; Conduct Unbecoming a Postal Employee/Disruption of Work Area; and Insubordination/Repeated Failure to Follow Instructions/Disrespect Towards Supervisor. On appeal, her principal contentions are that the decision of the Board is not supported by substantial evidence and that the agency abused its discretion in imposing the penalty of removal.[1]
 
 
 4
 This court will not reverse the Board's factual findings if they are supported by "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached" by the Board. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984) (citations omitted). Additionally, any determinations of witness credibility made by the Board are "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (citations omitted).
 
 
 5
 In view of the extensive evidence of record, we hold that the Board's determinations regarding Ms. Reynolds's conduct are supported by substantial evidence. The agency's documentation and the witness' testimony both supported the Board's findings. Additionally, although Ms. Reynolds's account of the relevant events often differed from that of the other witnesses, in each such case the Board found Ms. Reynolds's testimony to be less credible than that of the other witnesses. We find no reason to disturb the Board's determinations of witness credibility.
 
 
 6
 In reviewing an agency's choice of penalty for employee misconduct, this court, as well as the Board, should defer to the agency's judgment unless "the penalty exceeds the range of permissible punishments specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (citations omitted). In view of Ms. Reynolds's responsibilities as a supervisor, her repeated serious disruptive misconduct and insubordination, and her lack of remorse for her actions, we cannot say that the agency abused its discretion in removing her.
 
 
 
 [1]
 We have considered Ms. Reynolds's other arguments and have found them to be without merit