68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles R. HUNT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3563.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1995.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Charles R. Hunt petitions for review of the final decision of the Merit Systems Protection Board (Board) which sustained the action of the United States Postal Service (agency) reducing his grade and pay.[1] Hunt v. United States Postal Serv., Docket No. AT-0752-95-0038-I-1. We affirm.
 
 DISCUSSION
 
 2
 This court reviews a Board decision under a narrow standard and must affirm the decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). The agency reduced Hunt's grade and pay based upon two grounds: 1) failure to meet the requirements of his position; and 2) failure to follow instructions/insubordination. Both charges grew out of Hunt's failure to attend a training course the agency ordered him to attend. Hunt contests the findings of the AJ that he was aware of the training course requirement and that his explanation for not attending (inability to obtain child care) was an insufficient excuse.
 
 
 3
 This court will not reverse the Board's factual findings if they are supported by "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached" by the Board. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984) (citations omitted). In view of the evidence of record, we cannot say that the AJ's findings are not supported by substantial evidence.
 
 
 4
 Hunt also contends that the penalty was not proportionate to the character of the offense. Unless "the penalty exceeds the range of permissible punishments specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion," this court defers to the agency's judgment. Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (citations omitted). Having carefully reviewed the record, we conclude that the agency did not abuse its discretion in reducing Hunt's grade and pay, particularly in view of the fact that, as the AJ noted, Hunt exhibited a total lack of remorse for his conduct.
 
 
 
 [1]
 The February 2, 1995 initial decision of the administrative judge (AJ) became the decision of Board when the full Board denied Hunt's petition for review on April 27, 1995