79 F.3d 1166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles E. BERKLEY, Sr., Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 96-3033.
 United States Court of Appeals, Federal Circuit.
 March 7, 1996.
 
 Before MAYER, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles E. Berkley, Sr., petitions for review of a final decision of the Merit Systems Protection Board, No. DC-0752-95-0504-I-1 (Oct. 19, 1995), which affirmed the agency's decision to suspend Berkley for 42 days. We affirm.
 
 
 2
 We review the board's decision within precisely defined statutory limits. 5 U.S.C. § 7703(c) (1994); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the decision unless we determine it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Due to the narrow scope of our examination on appeal, the board's credibility determinations are virtually unreviewable. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Finally, this court "will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.' " Gonzales v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985) (citing Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984)).
 
 
 3
 The agency suspended Berkley for "use of threatening language in attempting to influence an investigating official." Before the board, the agency presented witnesses who were present and swore that Berkley made the threatening statements. In response, Berkley denied making the alleged threats and claimed that agency officials were retaliating against him for whistleblowing activities.
 
 
 4
 In a thorough opinion, the administrative judge credited the testimony of the agency witnesses and specifically stated her reasons for doing so. She also determined that Berkley was not engaged in whistleblowing activity, that the 42-day suspension was a reasonable penalty which took mitigating factors into account, and that the agency made no harmful procedural error. We conclude that Berkley has failed to prove that the board committed reversible error in affirming the agency action.