78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Romeo M. ALFARO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3800.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
April 4, 1996.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Romeo M. Alfaro petitions for review of the July, 21, 1995 final decision of the Merit Systems Protection Board, Docket No. PH0752950224I-1, sustaining his removal by the United States Postal Service. Because the board did not err in sustaining his removal, we affirm.
 
 DISCUSSION
 
 2
 The United States Postal Service ("the agency") employed Alfaro as a City Carrier. On October 7, 1994, he was arrested for shoplifting at a Navy Exchange, and a subsequent search of his private vehicle produced a number of suspicious items, including a large amount of undelivered mail. The security force at the Navy base notified the postal inspectors, who conducted an investigation. A postal inspector determined that the mail found in Alfaro's vehicle included one piece of first class mail, two pieces of second class mail (magazines with mailing labels), and approximately fifty pieces of bulk business mail that were not addressed to him. The agency issued a notice of proposed removal on the ground that the mail found in Alfaro's vehicle indicated improper conduct. He responded to the notice, arguing that the first class mail was addressed to his friend and that he intended to deliver it, but forgot to do so. He also argued that he had permission to take some of the undeliverable bulk mail for himself and that he did not know how the magazines with mailing labels got into his car. The agency sustained the charge and removed him as of December 2, 1994.
 
 
 3
 In an initial decision, an administrative judge (AJ) found that the agency had proven the charge by preponderant evidence. The agency submitted copies of relevant portions of the Employee and Labor Relations Manual and the Manual for City Carriers. The AJ found that the mail from Alfaro's vehicle that was not addressed to him included first class mail, second class mail, and undeliverable bulk business mail, all of which Alfaro had not properly disposed of according to the agency's manuals. The AJ also found that the penalty of removal was reasonable under the circumstances. The AJ's initial decision became final when the board denied Alfaro's petition for review. See 5 C.F.R. § 1201.115 (1995). Alfaro now petitions for review by this court.
 
 
 4
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 On appeal, Alfaro argues in effect that his actions were not a violation of the agency's regulations. He states that the addressee on the first class mail is his friend and that he intended to personally deliver the mail, asserting that the time period for forwarding the mail had expired. Furthermore, he alleges that he obtained permission from his supervisors to take some of the bulk business mail for himself.
 
 
 6
 The AJ considered these arguments and concluded that Alfaro had violated the agency's regulations. We see no error in that determination. As the AJ found, Alfaro acknowledged that placing the first class letter in his vehicle is not the proper method of handling mail whose time period for forwarding has expired. In addition, the AJ found that Alfaro could not point to any regulation that authorized the manner in which he disposed of the bulk business mail. Alfaro on appeal again does not cite any agency rule, regulation, or Post Office policy that authorized his actions. Therefore, we conclude that the AJ did not err in finding that Alfaro violated the agency's regulations and in sustaining his removal.
 
 
 7
 Alfaro also argues that the penalty of removal is too severe. He states that removal is not appropriate because he is a first-time offender, and because he has learned from his mistake and can be rehabilitated.
 
 
 8
 We do not agree that the agency's removal of Alfaro was unreasonable. Upon reviewing a penalty determination, we "will normally defer to the administrative judgment unless the penalty exceeds the range of permissible punishments specified by statute or regulation, or unless the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion [by the agency].' " Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (quoting Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976), cert. denied, 444 U.S. 1044 (1980)). The AJ considered the relevant factors, including Alfaro's 14 years of service and the fact that his work record contained no prior disciplinary action. The AJ also considered the testimony of Alfaro and the deciding official. Alfaro testified that he was aware of the relevant regulations. In addition, the deciding official testified that Alfaro, as a mail carrier, worked four to six hours a day unsupervised and could no longer be trusted to deliver the mail. The official also testified that the items found in Alfaro's vehicle indicated that he had not delivered the mail on more than one occasion. Accordingly, after considering the AJ's careful consideration of the relevant evidence, we conclude that the board did not err in determining that the agency did not abuse its discretion in removing Alfaro.