92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lester DANIELS, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3788.
 United States Court of Appeals, Federal Circuit.
 July 15, 1996.
 
 1
 Before ARCHER, Chief Judge, and MICHEL and SCHALL Circuit Judges.
 
 DECISION
 SCHALL
 
 2
 Lester Daniels, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. AT-0752-95-563-I-1, sustaining his removal by the United States Postal Service ("agency"). The May 31, 1995 initial decision of the administrative judge ("AJ") became the final decision of the Board on August 10, 1995, when the Board denied Daniels' petition for review. We affirm.
 
 DISCUSSION
 
 3
 Daniels was employed by the agency as a City Letter Carrier in Macon, Georgia. He was removed from his position for falsification of two Office of Workers' Compensation Programs ("OWCP") forms. The agency alleged that, in October of 1989, Daniels falsified a form CA-8, "Claim for Continuing Compensation on Account of Disability," by writing "N/A" for "not applicable" when he was asked to list commissions and self-employment. The agency contended that the statement was false because, at the time he signed the form, Daniels was engaged in the sale of real estate. The agency also alleged that, in April of 1990, Daniels falsified OWCP form CA-1032, which he was required to fill out in order to continue to receive disability benefits. The agency charged that Daniels falsified the CA-1032 form by failing to list his real estate activity and income, and for stating "N/A" for "not applicable" on a question asking him whether he had received VA benefits from the Department of Veterans Affairs.
 
 
 4
 Following a hearing, the AJ concluded that the agency had carried its burden of proving by a preponderance of the evidence that Daniels had knowingly supplied incorrect information with the intent to defraud. See Naekel v. Department of Transp., 782 F.2d 975, 977 (Fed.Cir.1986). The AJ also concluded that the penalty of removal did not exceed the limits of reasonableness. Accordingly, he sustained the removal. This appeal followed.
 
 
 5
 We review a decision of the Board under a narrow standard. We must affirm the decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Daniels makes two arguments on appeal: that the decision of the Board is not supported by substantial evidence; and that the penalty of removal was too harsh. Neither contention has merit.
 
 
 6
 The charge that Daniels falsified the CA-8 form was based on the allegations that Daniels assisted in the sale of a home to Norman Adamson, the Macon, Georgia Postmaster, for which he received a referral fee/commission; and that he sent a sales solicitation to Tommy Caruthers, a labor relations specialist with the agency. The charge relating to the CA-1032 form was based on the allegations that Daniels failed to disclose his referral fee from the Adamson transaction and that, as noted above, he failed to state his receipt of VA benefits. Daniels did not dispute that, in completing the forms at issue, he made no mention of his real estate activities and his receipt of VA benefits. Rather, he contended that the omissions were inadvertent. The AJ disbelieved Daniels, however, and credited the testimony of the agency's Injury Compensation Specialist. In this case, we will not disturb this credibility determination; in general, credibility determinations are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).[1]
 
 
 7
 Turning to Daniels' second argument on appeal, we will not disturb the penalty imposed by an agency "unless the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion....' " Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (quoting Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976)). We have carefully considered the record and all of Daniels' contentions. Having done so, we are unable to say that the penalty of removal, while severe, was an abuse of discretion.
 
 
 8
 Each party shall bear its own costs.
 
 
 
 [1]
 Daniels also argues that the finding that he falsified the CA-8 form should be reversed because he signed the form on October 27, 1989, but did not receive the referral fee until November 15, 1989. He argues he cannot be required to have disclosed something he did not yet possess. This argument fails because the AJ found that Daniels earned the referral fee during the period covered by the CA-8. The AJ noted that the form specifically directed Daniels to "[s]how all activities, whether or not income resulted from your efforts."