NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3202

DONALD A. DAVIS,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Donald A. Davis, of Jamaica, New York, pro se.

Vincent D. Phillips, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director. Of counsel were Dawn S. Conrad and Elizabeth A. Holt, Trial Attorneys.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3202

DONALD A. DAVIS,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in NY0752070114-I-1.

_____

DECIDED: March 3, 2010

_____

Before NEWMAN, FRIEDMAN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Donald A. Davis ("Davis") appeals a final order of the Merit Systems Protection Board ("Board") sustaining the decision of the Department of Justice removing Davis from his position as a correctional officer. <u>See</u> <u>Davis v. Dep't of Justice</u>, No. NY-0752-07-0114-I-1 (M.S.P.B. Jan. 16, 2008) ("<u>Final Order</u>"). We affirm.

BACKGROUND

On November 29, 2006, Davis was removed from his position as a correctional officer at the Metropolitan Correctional Center ("MCC") in New York, New York. The removal notice contained five charges: (1) misuse of Davis's Bureau of Prisons ("agency") credential, (2) possession of an altered government credential, (3) failure to report an outside contact between Davis and an associate of an inmate, (4) carrying a

concealed weapon under the Law Enforcement Officer Safety Act of 2004 without the agency's acknowledgment, and (5) engaging in outside employment without the agency's approval. The warden of the MCC sustained all five charges against Davis.

Davis appealed to the Board challenging his removal. The Administrative Judge ("AJ") sustained only one of the five charges against Davis: the failure to report an outside contact. See Davis v. Dep't of Justice, No. NY-0752-07-0114-I-1, slip op. at 20 (M.S.P.B. Sept. 14, 2007) ("Initial Decision"). The circumstances relating to this charge involve a second job that Davis held providing security for recording artists at a company called Koch Entertainment ("Koch"). An MCC inmate, Barry Williams (a.k.a. "Strobe"), who worked in the music industry and with people at Koch, sought Davis out after hearing of their mutual connection to Koch. Another correctional officer at the prison introduced the two, in the process warning Davis to be careful because the inmate and Davis knew some of the same people. On June 2, 2006, Strobe called an intern at Koch, Chris, and asked him to give Davis a package of t-shirts and compact discs. Chris then called Davis and told him that Strobe wanted him to have a package, though Chris did not tell Davis what was in the package.

It is undisputed that Davis did not report this telephone call from Chris about an unknown package from an inmate to his supervisors, despite the requirement in the agency's Standards of Employee Conduct that

> [a]n employee who becomes involved in . . . any situation that might give the appearance of improper involvement with inmates . . . must report the contact, in writing, to the CEO as soon as practicable. This includes, but is not limited to, telephone calls or written communications with such persons outside the normal scope of employment.

Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 3420.09, Standards of Employee Conduct 9 (1999). This requirement was also covered in the agency's annual training. In the days following the call, Davis did not attempt to inform anyone that he had been told about an unknown package from an inmate, even though he could have talked to a duty officer or left a note. Davis testified at his Board hearing that he saw the matter as "no big deal," and he thought, "Maybe I'll get around to [reporting] it, maybe I won't. We'll see what happens when I get to work." Initial Decision, slip op. at 9.

In affirming the penalty of removal for the failure to report charge, the AJ noted that the warden had testified that he would have removed Davis for the failure to report charge alone. Id. at 20. The AJ also gave great significance to the training Davis had received, the higher standard of conduct expected of correctional officers, and the warning by the other officer about the inmate. See id. at 20–21. Thus, the AJ found that the penalty was "within the limits of reasonableness." Id. at 21.

Davis filed a petition for review with the full Board, which was denied, making the initial decision of the AJ the final decision of the Board. See Final Order, slip op. at 2. Davis timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Davis does not challenge the failure to report charge; he argues only that the penalty imposed against him is disproportionately harsh as compared to his offense. We will only overturn an agency's penalty determination if it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." O'Neill v. Dep't of Housing & Urban Dev., 220 F.3d 1354, 1365 (Fed. Cir. 2000) (quoting Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984)) (quotation marks omitted). To earn that deference, selection of the penalty must have been based upon a responsible balancing of the relevant factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305–06 (1981). Under the circumstances of this case, the Board did not err in sustaining the agency's decision to remove Davis. As noted by the Board, the MCC's warden considered Davis's solid record at the agency, but nevertheless felt that other factors—the seriousness of the offense, the repeated training, the warning from the other officer, his status as a law enforcement officer, and the effect of his conduct on his supervisor's confidence in his performance abilities— supported Davis's removal.

As for the fact that the Board affirmed the removal despite sustaining only one of the five charges against Davis, remand on the penalty issue may be appropriate in some such cases where the nexus between the charges brought by the agency and the penalty imposed is severed. Lachance v. Devall, 178 F.3d 1246, 1259 (Fed. Cir. 1999). However, "when the agency makes . . . clear before the Board" that "the agency itself would have imposed the same penalty on the basis of the sustained charges that it chose on the basis of the combined charges," the nexus is not severed and the agency's chosen penalty is entitled to deference. Id. Here, the MCC's warden testified

that "[w]ith respect to the charge [of] failure to report as alleged against . . . Davis," he "would . . . have terminated [Davis] for that charge alone" because it was "very serious" and affected "the safety and security of all the people in the institution." Hearing Transcript at 124–25, Davis v. Dep't of Justice, No. NY-0752-07-0114-I-1 (M.S.P.B. June 4, 2007). Thus, the Board's decision to sustain the removal was supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion.

For the aforementioned reasons, we affirm.

<u>AFFIRMED</u>

COSTS

No costs.