NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3024

ELIGIDO J. GALINO,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Eligido J. Galino, of Sacramento, California, pro se.

Shelley D. Weger, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3024

ELIGIDO J. GALINO,

Petitioner,

v.

UNITED STATES POSTAL SERVICES,

Respondent.

Petition for review of the Merit Systems Protection Board in case no. SF0752090190-I-1.

_____

DECIDED:  April 8, 2010

_____

Before MICHEL, <u>Chief Judge</u>, PLAGER and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Eligido J. Galino appeals from a final decision of the Merit Systems Protection Board (Board) affirming his demotion.  <u>Galino v. U.S. Postal Serv.</u>, No. SF-0752-09-0190-I-1 (M.S.P.B. June 1, 2009) (initial decision); <u>Galino v. U.S. Postal Serv.</u>, No. SF0752-09-0190-I-1 (M.S.P.B. Aug. 21, 2009) (final order denying petition for review).  For the reasons discussed below, we <u>affirm</u>.

## BACKGROUND

Mr. Galino worked as a Supervisor, Customer Service, EAS-17 for the United States Postal Service (USPS) in Sacramento, California.  On August 12, 2008, an incident occurred between Window Clerk Jeannine Teefey and Mr. Galino, her supervisor.  Later that day, Ms. Teefey sought to discuss this incident with Anderson

English, a manager.  The three individuals met in Mr. English's office, along with fellow Supervisor Audrey Simmons and Window Clerk Michelle Randle-Cisco.  At the meeting, Mr. Galino yelled, pointed his finger at Ms. Teefey, and blocked Ms. Teefey's attempt to leave the office.  Although Mr. Galino denies that he blocked Ms. Teefey, an administrative judge (AJ) credited Ms. Teefey's account over that of Mr. Galino.

Robbie Halverson, an Associate Supervisor seated about twenty feet from Mr. English's office, heard the yelling and knocked on the office door.  When the door opened, Ms. Simmons told Mr. Galino to leave, and Mr. Galino left the office.  Again, Mr. Galino denies that he was asked to leave the office and further maintains that he immediately left the building.  According to the account accepted by the AJ, however, Mr. Galino cursed and kicked the wall, and Ms. Simmons and Mr. Halverson then told Mr. Galino to go outside.  Both Ms. Simmons and Mr. Galino went outside, after which others either heard or saw Mr. Galino yell and slam something.  Mr. English sent Mr. Galino home for the day, and Mr. Galino was placed on administrative leave.

After conducting interviews and collecting written statements by witnesses, Mr. English proposed that Mr. Galino be demoted from Supervisor, Customer Service, to Part Time Flexible City Carrier.  Mr. English based this decision on the charge of "Unacceptable Conduct / Violation of the Joint Statement on Violence and Behavior in the Workplace / Failure to Follow Instructions," as well as violations of a Zero Tolerance Policy Statement and various provisions of the Employee Labor Manual (ELM).  Mr. Galino responded orally on November 21, 2008, with the assistance of his representative, Robert Di Paolo.  On December 4, 2008, Tim Padden, Postmaster, Sacramento District, sustained the proposed demotion and the charge of Unacceptable

Conduct. Mr. Padden did not sustain the other charges because, according to Mr. Padden, "each of the charges in the Notice are [sic] based upon the same set of facts and I have decided that the charge of 'unacceptable conduct' best reflects the facts as stated in the Notice." The demotion became effective on December 13, 2008.

In an initial decision, the AJ sustained the charge of Unacceptable Conduct because Mr. Galino "did not dispute the most significant allegations, such as yelling at Ms. Teefey, using profanity on at least one occasion, and continuing his outburst outside. As to many other allegations, [Mr. Galino] simply testified that he did not remember engaging in the misconduct." Galino v. U.S. Postal Serv., No. SF-0752-09-0190-I-1, slip op. at 10 (M.S.P.B. June 1, 2009). In reviewing the penalty, the AJ found that a nexus exists between the charged conduct and the efficiency of the service. The AJ further found that USPS weighed the relevant factors, see Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305–06 (1981), and that—in light of these factors—demotion to Part Time Flexible Carrier was reasonable. The AJ's initial decision became final after the Board denied Mr. Galino's petition for review. See Galino v. U.S. Postal Serv., No. SF0752-09-0190-I-1 (M.S.P.B. Aug. 21, 2009).

## DISCUSSION

Mr. Galino appeals from the Board's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "It is well-established that selecting the penalty for employee misconduct is left to the agency's discretion."

<u>Webster v. Dep't of the Army</u>, 911 F.2d 679, 685 (Fed. Cir. 1990).  And we "will normally defer to the administrative judgment unless the penalty exceeds the range of permissible punishments specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion."  <u>Villela v. Dep't of the Air Force</u>, 727 F.2d 1574, 1576 (Fed. Cir. 1984) (internal quotation marks omitted).

On appeal, Mr. Galino argues that USPS and the Board failed to consider mitigating factors, such as past disciplinary record, whether the demotion penalty is consistent with penalties for similar conduct, and provocation.  As an initial matter, we note that "[i]t is not reversible error if the Board fails expressly to discuss all of the <u>Douglas</u> factors.  The Board need only determine that the agency considered the factors significant to the particular case."  <u>Kumferman v. Dep't of the Navy</u>, 785 F.2d 286, 291 (Fed. Cir. 1986) (internal citation omitted).  In this case, Mr. Padden stated that he was aware of the <u>Douglas</u> factors and that he "conscientiously considered all of those relevant factors which were applicable to [Mr. Galino's] case."  Furthermore, Mr. Padden acknowledged Mr. Galino's eleven years of service, time spent in the supervisor position, and lack of prior discipline.  According to Mr. Padden, however, the demotion "is consistent with other actions taken for the same or similar offenses."  The Board also considered relevant <u>Douglas</u> factors, and Mr. Padden's analysis of these factors.[1]  Moreover, the Board expressly rejected Mr. Galino's claim that Ms. Teefey provoked him on August 12, 2008 and further explained that, even if Mr. Galino's

---

[1]  We reject Mr. Galino's assertion that the Board failed to consider whether USPS considered mitigating factors.  <u>See</u> <u>Galino v. U.S. Postal Serv.</u>, No. SF-0752-09-0190-I-1, slip op. at 13 (M.S.P.B. June 1, 2009) ("I see no reason to disturb Mr. Padden's conclusions, and I find that he considered relevant <u>Douglas</u> factors.").

account were true, Mr. Galino's reaction was "far out of proportion." We also understand Mr. Galino to argue that an alleged pattern of provocation by Ms. Teefey was not considered. Such a pattern is not supported by the record though, and it is clear that the Board credited Ms. Teefey's testimony over the testimony of Mr. Galino. In sum, we reject Mr. Galino's argument with respect to consideration of mitigating factors.

Mr. Galino also contends that the demotion penalty was unwarranted, beyond the bounds of reasonableness, and disparate treatment in violation of the Fifth Amendment. For example, Mr. Galino maintains that two supervisors in the Sacramento District retained their positions after one allegedly hit an employee and another allegedly hit an employee and used a racial epithet. The AJ rejected Mr. Galino's argument because "the comparative employees Mr. DiPaulo is proposing to testify about are not sufficiently similar to [Mr. Galino], and one incident occurred 8 years ago and it is not known when the other incident occurred." Mr. Galino does not address these statements by the AJ and thus fails to demonstrate disparate treatment. Moreover, Mr. Galino does not otherwise establish that his demotion was "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela, 727 F.2d at 1576.

Lastly, Mr. Galino argues that he was denied due process. According to Mr. Galino, "the AJ considered testimony towards elements and specifications not actually listed in the charge so that [Mr. Galino] did not have meaningful notice sufficiently specific of what [Mr. Galino] needed to defend against before the hearing began." Mr. Galino maintains that only his conduct directed at Ms. Teefey on August 12, 2008—and,

for example, not his conduct after the meeting on that day—should have been considered. We reject Mr. Galino's argument because, among other things, the Notice of Proposed Adverse Action describes Mr. Galino's conduct both inside and outside Mr. English's office.

## CONCLUSION

For the foregoing reasons, and because we conclude that Mr. Galino's remaining arguments are without merit, we affirm the final decision of the Board affirming Mr. Galino's demotion.

## COSTS

No costs.