NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY EDWARD FLOOD,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2010-3023

---

Petition for review of the Merit Systems Protection Board in PH0752090209-I-1.

---

Decided: August 5, 2010

---

TIMOTHY EDWARD FLOOD, of Arlington, Massachusetts, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE and MOORE, *Circuit Judges*.

PER CURIAM.

Petitioner Timothy Flood seeks review of the final decision of the Merit Systems Protection Board (Board) terminating his position as a civilian Police Officer at the U.S. Army Garrison in Natick, Massachusetts (Natick). *Flood v. Dep't of the Army*, No. PH-0752-09-0209-I-1 (M.S.P.B. Aug. 28, 2009). Because substantial evidence supports the Board's decision to uphold Mr. Flood's removal, we *affirm*.

Mr. Flood worked as a civilian Police Officer at Natick. On August 6, 2008, the Army notified Mr. Flood that it proposed to remove him from federal service based on two charges: violation of the Army's Physical Security Policy and insubordination. Charge 1 consisted of two specifications, the first being the storage of weapons in a vehicle parked at Natick in violation of Massachusetts General Laws (MGL) Chapter 140, Section 131L and Army Regulation 190-11, and the second being the storage of ammunition in the same vehicle in violation of Army Regulation 190-11. The vehicle in question did not belong to Mr. Flood and was presumed abandoned. Charge 2, insubordination, was based on Mr. Flood's failure to report to his supervisor on August 6, 2008, despite direct orders to do so.

In a removal decision dated December 19, 2008, Lieutenant Colonel Kari Otto, the Garrison Commander at Natick, found that all three specifications were established by credible evidence. Mr. Flood appealed his removal to the Board, which sustained all specifications and charges against Mr. Flood and affirmed his removal. Mr. Flood petitioned for review by the full Board, which the Board denied, and the initial decision became final.

Mr. Flood appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Mr. Flood does not dispute that he stored weapons and ammunition in an abandoned automobile on the Natick installation. Army Regulation 190-11, paragraph 4-5d(2), states that "[p]ersonnel keeping or storing privately-owned arms and ammunition . . . on military installations will—(2) Store both arms and ammunition in the unit arms room or other locations authorized by the installation commander." Storage of the weapons and ammunition in the vehicle, which was not a location authorized by Lt. Col. Otto, both violate Army Regulation 190-11.

Mr. Flood's central argument in defense of Specification 1 of Charge 1 is that prior to June 11, 2008, he stored the personal weapons in the Natick Arms Room, but he removed them to the abandoned vehicle at the order of Lieutenant David McCrillis. Lt. McCrillis denied knowledge of the weapons being stored in the Arms Room, and he denied ordering Mr. Flood to move them. The administrative judge (AJ) found Lt. McCrillis to be more credible than Mr. Flood based on corroboration by other officers and inconsistencies in Mr. Flood's testimony. The "determination of the credibility of witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor." *Griessenauer v. Dep't of*

*Energy*, 754 F.3d 361 (Fed. Cir. 1985). Credibility determinations will not be upset unless they are "inherently improbable or discredited by undisputed evidence or physical fact." *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725-26 (Fed. Cir. 1998). Mr. Flood has not offered undisputed evidence or facts sufficient to overturn this credibility determination. Therefore, both specifications of Charge 1 with respect to violation of Army regulations are supported by substantial evidence.

Mr. Flood also argues that he did not violate Massachusetts state law in storing the weapons because the weapons were secured in a locked gun case. Massachusetts General Laws (MGL) Chapter 140, Section 131L states that it is unlawful to store or keep firearms "in any place unless such weapon is secured in a locked container or equipped with a tamper-resistant mechanical lock or other safety device." However, the AJ cited testimony by an officer who searched the vehicle, Officer Santoro, who stated that the gun case was not locked and no safety devices were on the weapons. The AJ found Officer Santoro also to be more credible than Mr. Flood, and Mr. Flood has offered no evidence that the case was locked other than his testimony. We therefore conclude that substantial evidence supports Specification 1 of Charge 1 as to violation of Massachusetts General Law.

We need not address the charge of insubordination. Lt. Col. Otto made it clear in the removal letter that "commission of either specification of Charge 1 would independently support [Mr. Flood's] removal." Given that only one specification of Charge 1 would be sufficient for Army to remove Mr. Flood, and we conclude that both specifications of Charge 1 are supported by substantial evidence, we need not reach Charge 2.

We "will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" *Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed. Cir. 1985) (quoting *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1576 (Fed. Cir. 1984)). "Penalty decisions are judgment calls best left to the discretion of the employing agency." *Id.* Mr. Flood argues that the penalty is extreme for a first offense. Despite this mitigating factor, the charges of improper storage of deadly weapons and ammunition in an abandoned vehicle are very serious due to the potential consequences of Mr. Flood's actions. The penalty of removal does not constitute an abuse of discretion.

For the foregoing reasons, the judgment of the Board is affirmed.

**AFFIRMED**

Costs

No costs.