NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR J. TATE,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2012-3066

---

Petition for review of the Merit Systems Protection Board in DA0752110123-I-1.

---

Decided: October 9, 2012

---

VICTOR J. TATE, of Houston, Texas, pro se.

DELISA M. SANCHEZ, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before BRYSON, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

## DECISION

Victor Tate appeals from an order of the Merit Systems Protection Board upholding the decision of the United States Postal Service to remove him. We affirm.

## BACKGROUND

Mr. Tate was employed as a letter carrier with the Postal Service in Houston, Texas. Starting in 2009, the Postal Service charged him with repeated instances of tardiness and absence without authorized leave. The Postal Service took several steps to address the problem, including issuing a letter of warning and issuing notices of proposed suspension on five occasions, the last of which was issued on June 7, 2010. In September 2010, the Postal Service proposed to remove Mr. Tate for failing to maintain a regular work schedule between late June and mid-August 2010. The charge specified five occasions during that period on which Mr. Tate was either late or absent without leave, including a period of 31 hours and 40 minutes of absence without leave between August 5 and August 14, 2010. After concluding that Mr. Tate had not provided a satisfactory explanation for his failure to maintain a regular work schedule during that two-month period, the Postal Service terminated him.

Mr. Tate appealed his removal to the Merit Systems Protection Board. Before the Board, Mr. Tate argued that he had applied for authorization to be absent from work pursuant to the Family and Medical Leave Act ("FMLA") and that he was "awaiting the return of the paperwork." He also argued that some of his absences related to an

injury he had sustained in an automobile accident and treatment he had received for that injury. Following a hearing, the administrative judge who was assigned to the case ruled that the absences with which Mr. Tate was charged were unauthorized and were sufficient to establish the charge of failure to maintain a regular schedule. The administrative judge noted that Mr. Tate was absent for more than 60 hours during a period of less than three months and that the absences occurred after the agency had previously disciplined him for similar misconduct on several occasions. The administrative judge further found that all of the charged absences were unscheduled. According to the administrative judge, Mr. Tate stipulated that three of the five charged absences were unscheduled and that he had neither sought nor obtained approval in advance for any of those absences. As to the remaining absences, the administrative judge noted that on cross-examination, Mr. Tate had not contested that he did not request leave in advance for those periods, including the period between August 5 and August 14 during which he was absent without leave for almost 32 hours. With respect to the FMLA, the administrative judge stated that the only absence for which Mr. Tate claimed to have sought FMLA leave was his absence on July 13, 2010. The administrative judge found, however, that Mr. Tate did not request FMLA leave on that occasion and that he did not seek medical attention on that day but instead used his time away from work to obtain a rental vehicle.

With respect to Mr. Tate's challenge to the penalty of removal, the administrative judge found that removal was a reasonable penalty under the circumstances. The administrative judge noted that the Postal Service had considered Mr. Tate's lengthy service with the agency as a mitigating factor but had found that factor to be out-

weighed by factors favoring the penalty of removal, an assessment with which the administrative judge agreed. Those factors included the seriousness of the offense, Mr. Tate's past disciplinary record, and the clear notice given to Mr. Tate warning him that his failure to maintain a regular attendance schedule would not be tolerated.

Mr. Tate petitioned the full Board for review, which issued an opinion addressing some of Mr. Tate's arguments and denying his petition for review.

### DISCUSSION

1. Mr. Tate's principal argument before this court is that the Postal Service failed to give proper weight to the factors bearing on the choice of penalty, which are set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). In particular, Mr. Tate alleges that the agency failed to consider, or misapplied, the following factors: consistency of the penalty with penalties imposed on other employees for the same or similar offenses; the employee's potential for rehabilitation; mitigating circumstances; and the adequacy of alternative sanctions to deter similar conduct in the future by the employee or others.

While Mr. Tate fails to make specific allegations of error as to each of those factors, the administrative judge found that the agency had considered the relevant *Douglas* factors, including Mr. Tate's lengthy time in service, the absence of mitigating circumstances, the unlikelihood that lesser sanctions would be effective, and the poor prospects for rehabilitation in Mr. Tate's case. The administrative judge found that the agency had considered Mr. Tate's period of more than 20 years of service with the Postal Service as a factor in his favor, but that the

agency had concluded that the length of his service was outweighed by the factors supporting removal. In particular, the administrative judge noted that the agency regarded the offense of failing to maintain a regular work schedule as a serious one and that the agency had disciplined Mr. Tate on numerous occasions for failing to maintain a regular work schedule. Those prior disciplinary actions, the administrative judge found, put Mr. Tate on notice that his failure to maintain a regular attendance schedule would not be tolerated. The administrative judge also cited the testimony of the agency's representative, who stated that Mr. Tate's failure to conform his attendance to the agency's expectations in the face of progressive disciplinary measures showed that Mr. Tate was a poor candidate for rehabilitation and that a lesser sanction was not likely to be effective. As to Mr. Tate's argument that the agency had not taken into consideration the lesser penalties imposed on other, similarly situated employees for similar offenses, the administrative judge found that the employee identified by Mr. Tate was not similarly situated, because he had requested leave for his absence, while Mr. Tate had not. The full Board subsequently modified the administrative judge's decision by noting that the agency had not provided the other employee "with paperwork regarding lesser disciplinary sanctions prior to issuing the proposed removal," which the Board found to be a substantially different situation from that of Mr. Tate, who "received six notices of disciplinary action prior to his receipt of the notice of proposed removal."[1]

---

[1]    In his informal brief, Mr. Tate refers to a Mr. Armando Sanchez, whose proposed removal for unsatisfactory attendance was reduced to a 14-day suspension. The evidence relating to Mr. Sanchez was not before the administrative judge, as the disparate treatment claim

The determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency. *Brook v. Corrado*, 999 F.2d 523, 528 (Fed. Cir. 1993). This court will not reverse a decision of the Board upholding an agency's penalty decision unless the penalty "exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" *Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed. Cir. 1985), quoting *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1576 (Fed. Cir. 1984). Moreover, in reviewing an agency's choice of penalty, the Board's role "is not to insist that the balance be struck precisely where the Board would choose to strike it if the Board were in the agency's shoes in the first instance," but rather "to assure that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness." *Norris v. S.E.C.*, 675 F.3d 1349, 1355 (Fed. Cir. 2012) (citations omitted). In this case, we are satisfied that the penalty of removal was not unconscionably disproportionate to the offense, and that the Board properly found that the agency had considered the relevant mitigating and aggravating factors in reaching its penalty determination.

2. Mr. Tate makes the separate argument that it was improper for the agency and the administrative judge to consider his past violations of the Postal Service's attendance policy because the disciplinary actions related to those violations had been informally settled. The Board

---

that Mr. Tate raised before the administrative judge involved a different individual. In any event, Mr. Tate has not shown that the circumstances surrounding Mr. Sanchez's case were similar to his. The full Board found the allegedly new disparate treatment evidence was not material to Mr. Tate's appeal, and we agree.

properly found, however, that "whether [Mr. Tate] settled his prior disciplinary actions is irrelevant" because those prior disciplinary actions, although settled, gave Mr. Tate notice that the conduct at issue—tardiness and absence without leave—was in violation of the Postal Service's attendance policy and that possible punishment for future violations included removal. *See Jinks v. Dep't of Veterans Affairs*, 106 M.S.P.R. 627, 637 (2007). Because the Postal Service may take disciplinary action against an employee if he has notice of his attendance obligations and the likelihood of discipline for continued violations, *see Williams v. U.S. Postal Serv.*, 68 M.S.P.R. 150, 155 (1995), it was proper for the agency to consider Mr. Tate's prior history of attendance problems for that purpose. The prior incidents were not used as the bases for the charge of failure to maintain a regular work schedule that is the subject of Mr. Tate's appeal.

3. Mr. Tate next alleges that the administrative judge relied on testimony from Postal Service employees that was "clearly erroneous." In particular, he contends that the agency representative was untruthful when he stated that Mr. Tate did not provide documentation to show the reasons for his absences. The administrative judge, however, reviewed in detail Mr. Tate's arguments that several of his absences were justified by illness or injury. Following that review, the administrative judge found, based in part on stipulations by Mr. Tate, that he had not properly requested leave for the charged absences. Mr. Tate has not offered any persuasive rebuttal to that finding. In particular, although Mr. Tate focuses in his brief on his short periods of absence in June and July 2010 due to an illness and an automobile accident, he has failed to provide any sufficient explanation for his lengthy period of absence between August 5 and August 14, 2010,

during which he was charged with almost 32 hours of unauthorized leave.[2]

4. Mr. Tate argues that the agency breached relevant labor agreements by removing him even though he complied with the leave procedures set out in those agreements. That argument, however, was not presented to the administrative judge, and in any event Mr. Tate has provided no evidence showing what the leave requirements were and what steps he took to ensure compliance with those requirements. We therefore reject his claim relating to the labor agreements.

5. Finally, Mr. Tate argues that prior to his removal his immediate supervisor told him that if he sought assistance from the employee assistance program no further disciplinary action would be forthcoming. Such a statement from Mr. Tate's immediate supervisor, assuming it was made, would not bind the agency with respect to disciplinary actions absent evidence—not offered here—that the supervisor was authorized to make such disciplinary determinations on behalf of the agency. *See Wesselhoft v. Dep't of the Interior*, 46 M.S.P.R. 594 (1991).

No costs.

**AFFIRMED**

---

[2]    Although the administrative judge noted that "the record supports that at least one of the appellant's absences during the period between August 5-14, 2010, was for treatment for the injury he sustained to his ribs," Mr. Tate has not pointed to any evidence justifying his absence during the rest of that period, and the administrative judge found that Mr. Tate did not request leave for any of his absences during that time.