Plaintiff James E. Kuntz, a civilian employee of the Air Force, was removed in 1975 from his position as Electronics Technician (at Patrick Air Force Base, Florida) on the basis of charges preferred against him. As sustained by the Civil Service Commission, those charges included careless and inattentive workmanship on a specified occasion; failure to carry out specified assigned tasks on two successive days; and absence without leave on a specified day. Also taken into consideration with respect to the severity of the sanction were two past reprimands in February and September 1973. Having properly pursued his remedies within the agency and before the Civil Service Commission, plaintiff filed this suit to overturn his separation. Both parties have moved for summary judgment and oral argument has been had. We agree with the Commission that the removal should be upheld.
1. Plaintiff raises several procedural objections but none is valid.
In determining the penalty, account could properly be taken of the reprimand of February 14,1973 because it was less than two years preceding the date of the instant notice of proposed removal (February 10, 1975). Paragraph 18e (2) of AFRegulation 40-750 ("Civilian Personnel: Discipline and Adverse Actions”) declares that a prior reprimand may be used in setting the penalty "if its effective date was within the two years preceding the date of the notice of proposed action on the current offense.” Plaintiff points to the statement in AFR 40-750, para. 15b, that "Reprimands are temporary records whose retention period is 2 years from the date of the notice of decision to reprimand,”[1] but that general declaration on the life and death of reprimand records cannot sensibly be read to displace or overrule the very specific provision in para. 18e (2), supra, with respect to the time-limit for use of reprimands in subsequent adverse action cases.
Another objection is that the notice of proposed removal in this case (dated February 10, 1975) was signed by a *705 lower-ranking Air Force employee than the rank called for by the governing local supplement to the Air Force Civilian Personnel Regulations. That local supplement was put into effect when the Civil Service Commission regulations permitted the same individual to propose a removal and then to decide to remove the employee. Later, the Commission (in July 1974) modified this regulation to require that the final decision on any adverse action be made by a higher official than the one who had proposed the adverse action.[2] Air Force Headquarters then immediately rescinded (in August 1974) all Air Force regulations (including subordinate directives) inconsistent with the new Commission regulation. Since the local supplement on which plaintiff relies was based on, and drew its raison d’etre from, the assumption that the same official could both propose and decide, that local directive fell within the Air Force instruction rescinding all directives inconsistent with the new procedure. The local rule was no longer in effect when the notice of charges of February 10, 1975, was given to plaintiff.
Still another alleged error is the failure of the February 1975 notice of proposed removal to set forth in detail the nature and grounds of the two prior written reprimands (in February and September 1973) which were considered in the removal.[3] Plaintiff invokes the Federal Personnel Manual, Subchapter S4, para. S-43b(l)(b) (Feb. 1972, Supplement 752-1), which provided that, if a prior disciplinary record does not meet three particular criteria, the current notice of proposed adverse action has to set forth the details of that past offense for which the discipline was administered in the same manner and with the same specificity as the current instances of wrongdoing must be set forth. Though the cited reprimands of February and September 1973 met two of the required criteria, they did not satisfy the third standard of having been reviewed on the merits by an authority different from the one that *706 issued the reprimands; for that reason, plaintiff faults the truncated description of the two reprimands given in the letter of charges.
The correct answer was given by the Civil Service Commission. It is that, particularly where (as here) the charge is of unsatisfactory work performance, the mandate that the charge must be stated specifically and in detail is satisfied if it is clear that the employee understands the charges and is able properly to defend against them. Schlegel v. United States, 189 Ct. Cl. 30, 37-38, 416 F.2d 1372, 1376 (1969); FPM, Subchapter S4, para. S4-3a(2) (Supplement 752-1). Under the express provision of the Federal Personnel Manual on which plaintiff relies that same principle controls references to past reprimands such as the ones involved here.[4] There is no question that plaintiff fully understood the nature and scope of the charges on which he had been reprimanded on the two past occasions, but he made no effort to challenge those reprimands as factually erroneous or unfounded.
2. On the merits, plaintiff challenges the finding of the Civil Service Commission that the charges were sustained by a preponderance of the evidence. A hearing was held before the Commission and there was testimony pro and con by other employees and by plaintiff. Management witnesses supported the charges. We cannot say that, in choosing to believe the testimony proffered by management rather than plaintiffs own version of events, the Commission was arbitrary or capricious or unsupported by substantial evidence. In particular, we see no indication of improper animus against plaintiff by the witnesses who supported management’s case. The short of it is that we have no doubt that the Commission’s findings met the appropriate standards limiting our review, and in those circumstances we are, of course, precluded from substituting our own judgment or our own fact-finding. Accepting the administrative findings as we must, we also have no doubt that plaintiffs removal was within administrative discretion and promoted the efficiency of the service.
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for *707 summary judgment is granted, and the petition is dismissed.
Plaintiffs petition for certiorari was denied October 1, 1979, 444 U.S. 859.

 The decision to remove was made on February 25,1975. Because that came more than two years after the reprimand of February 14, 1973, plaintiff argues, on the basis of this provision, that the reprimand could not be taken into account in making the actual decision to remove.

 This was done in plaintiffs case. The decision to remove was made by a higher-level official than the one who signed the letter of charges.

 Plaintiff also asserts that other adverse action notices — other than the two specifically cited in the current notice of charges and decision to remove — were improperly taken into account. However, the record suggests no reason at all for believing that those other unmentioned charges or reprimands were in fact considered.

 "In other words, there is no difference whatever in this case between the treatment of the past record element and the treatment of a current instance of wrongdoing.”