**Raul M. VILLELA, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

**Appeal No. 83–888.**

United States Court of Appeals, Federal Circuit.

March 2, 1984.

Steven M. Angel, San Antonio, Tex., submitted for petitioner.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen and Cynthia C. Cummings, Washington, D.C., submitted for respondent.

Lt. Col. David P. Buck, Dept. of the Air Force, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, KASHIWA and NIES, Circuit Judges.

MARKEY, Chief Judge.

Appeal from a decision of the Merit Systems Protection Board (MSPB) sustaining the Department of Air Force's removal of Raul M. Villela (Villela) from employment. We affirm.

## BACKGROUND

On February 23, 1981, Villela was scheduled to work in the warehouse at Kelly Air Force Base from 3 p.m. to 11:30 p.m. with lunch between 7 and 7:30. During lunch, Villela left the base with co-workers Gitan and Salazar. The men did not return for the remainder of the shift; neither did they request leave or contact anyone to explain their absence. The next evening they explained their absence to alternate supervisor Martinez, who, they say, granted their request for annual leave covering their absence. Martinez in fact referred the matter to foreman Silva.

Villela told Silva that he had left to help Gitan move furniture, that Gitan's van broke down, that Villela had to wait for a tow truck before he could return to work, and that he tried to call in but the phone was either busy or not answering. Silva said he would charge Villela with being AWOL.

On March 17, 1981, the Air Force issued Villela a "Notice of Proposed Removal" for his being AWOL and for his failure to request leave. The notice indicated that two prior offenses committed within three years preceding the notice, fighting (one-day suspension imposed) and intoxication (three-day suspension), were considered in its decision to remove him. Removed on

April 20, 1981, Villela appealed to the Dallas office of the MSPB on April 28, 1981.

At a hearing before a presiding official, Villela did not contest his absence, but argued he should have been granted annual leave and that the penalty was too severe. The presiding official found the van breakdown excuse to have been unsubstantiated, the failure to request leave to have been established by a preponderance of the evidence, and the alleged grant of annual leave to have been irrelevant as beyond Martinez' authority. Considering Villela's service record, the presiding official mitigated the penalty to a 60-day suspension without pay.

On December 13, 1982, the MSPB modified the presiding official's decision by reinstating the removal penalty because the presiding official failed to give appropriate deference to the choice of penalty entrusted to the agency, because the record did not establish that the Air Force failed to consider Villela's service record (including an award) against his disciplinary record, and because the removal penalty could not be seen as exceeding the limits of reasonableness.

### ISSUE

Villela attacks the MSPB's decision sustaining the penalty of removal as arbitrary, capricious, or an abuse of discretion.[1]

### OPINION

The bases for Villela's assertion that the removal penalty was arbitrary, capricious, or an abuse of discretion are three: (1) it exceeded the range of permissible penalties in the agency regulation; (2) it was inherently disproportionate to the offense; and (3) it was disparate from the penalty imposed on Gitan and Salazar.

■ The choice of penalty is generally left to agency discretion. *Power v. United*

1. Before the presiding official, Villela asserted racial discrimination because his supervisor's supervisor (Raue) was absent for three months and was not disciplined. The presiding official, noting that Raue was on sick leave scheduled and approved in advance, dismissed the assertion as specious and meaningless. Villela did not repeat the claim of racial discrimination

*States,* 531 F.2d 505, 507 (Ct.Cl.1976) *cert. denied,* 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980). The court will normally defer to the administrative judgment unless the penalty exceeds the range of permissible punishments specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion ...". *Id.* at 507.

#### (1) *Range of Penalties*

Villela says (a) that because the AWOL charge was his first offense, the appropriate penalty should have been a reprimand; (b) that his two previous offenses should not have been considered; (c) that if it be permissible to consider those offenses they could justify only a higher penalty within the "first offense" range; and (d) that consideration of his previous offenses was improper because the suspensions were attenuated. The arguments run afoul of the very regulation Villela relies on (Air Force Regulation 40–750, governing maintenance of discipline and conduct of adverse personnel actions).

Attachment 1 to Regulation 40–750, entitled "Guide to Disciplinary Actions" (Guide) tabulates various forms of misconduct and the penalties appropriate to each. The penalty section is subdivided into columns labeled first, second, and third offense. Each column contains a recommended range of penalties for each act of misconduct. In general, the severity of punishment increases with each subsequent offense.

The Instructions to the Guide provide for determining severity in part by the "nature and recency of other offenses", and require use of the Guide with and to give effect to the regulation.

Paragraph 18(e) of the regulation states: "Prior offenses may be used in determining

before the MSPB or before this court. Upon inquiry from this court, Villela expressly waived any claim of discrimination on 30 January 1984. The appeal does not, therefore, involve racial discrimination and is not a "mixed" case. *See Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983).

the severity of penalty resulting from a current offense". Likewise, paragraph 18(a)(4) states "when considering which *offense column* of the guide is to be used, it is not necessary to establish that prior offenses were of the same character as the current offense" (emphasis added).

Thus, Villela's labeling of his being AWOL as a "first offense", and his contention that previous offenses could not be considered in determining the penalty, are clearly contrary to the plain language of the regulation. As paragraph 18(a)(4) makes clear, characterization of Villela's current offense as his first related to absence is irrelevant. Further, Villela's approach would restrict an agency to the first offense column, no matter how many other unrelated offenses the employee had committed. Absurdly, that view would allow each employee to commit each of the regulation's many enumerated forms of misconduct at least once without ever facing the threat of removal.

Villela's argument that the suspensions are attenuated is equally meritless. Paragraph 18(e) establishes time limits for consideration of prior offenses, permitting such consideration if the offenses occurred, as they did here, within three years of the current notice of offense. *See, Kuntz v. Dept. of Air Force,* 618 F.2d 120, 219 Ct.Cl. 703 (order, 1979).

### (2) *Inherently Disproportionate*

Villela's disproportionality argument also rests on consideration of his current offense in a vacuum. Whether in the abstract removal may be disproportionate to the offense of being AWOL for four hours, however, is irrelevant here. As above indicated, Villela's current offense is properly considered in light of his previous offenses.

Though Villela could have been removed for either of his previous fighting and intoxication offenses, the Air Force tried to rehabilitate him. Following the regulation's provision for progression of

penalties,[2] it employed suspensions, but told Villela of its concern for his "complete disregard for the rules and regulations" and warned that "any future offense of any nature may result in a notice to propose your removal". As the board found, the Air Force also counseled Villela "at least four times" on his tardiness. Under such circumstances, removal was not disproportionate to the offense.

### (3) *Disparate Treatment*

That Villela was removed and Gitan and Salazar were reprimanded supplies no basis for reversal.

An agency need not exercise its discretion identically in every case. "A penalty that is within the authority of the agency is not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases" and "mere unevenness in the application of the sanction does not render its application in a particular case 'unwarranted in law'". *Jones v. United States,* 617 F.2d 233, 238 (Ct.Cl.1980) (quoting *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 187–88, 93 S.Ct. 1455, 1458–59, 36 L.Ed.2d 142 (1973)). Removal here was clearly within the authority of the agency.

### CONCLUSION

Villela having failed to show his removal to have been arbitrary, capricious, or an abuse of discretion, the decision of the MSPB is affirmed.

AFFIRMED.

NIES, Circuit Judge, dissenting.

I respectfully dissent and would remand for imposition of no more than a 60-day suspension, the penalty imposed by the presiding official.

The MSPB correctly ruled that the agency had the burden to prove the appropriateness of the penalty by a preponderance of

---

**2.** Air Force regulation 40–750 counsels "application of increasingly more severe penalty as the employee continues to breach the employment relationship," and that such progression should precede removal unless the misconduct is so serious or flagrant that discharge for a first or second offense is clearly warranted.

the evidence. The only evidence on this aspect of the case consists of prior disciplinary action against petitioner and the agency's table of penalties. What is lacking is any evidence of consideration *by the agency* of petitioner's 12 years of service and his receipt of an out of the ordinary award.

Nevertheless, the MSPB held:

> We cannot say that the agency failed to weigh these factors, nor can we say that the agency's judgment clearly exceeded the limits of reasonableness. Therefore, it was not appropriate for the presiding official to mitigate the agency-imposed penalty of removal.

In *Douglas v. Veterans Administration,* 5 MSPB 313, 332–33 (1981), the MSPB held:

> [T]he Board's review of an agency-imposed penalty is essentially to assure that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness.

In this case the agency offered no evidence that it considered mitigating factors and, therefore, the MSPB should have either affirmed the presiding official, who did take these mitigating factors into consideration, or have remanded so that the agency could prove its case in accordance with the standard adopted in the interim in *Douglas.* The latter course was followed in *Jimenez v. Dept. of Army,* decided with *Douglas,* 5 MSPB at 341. In any event, the MSPB had no evidentiary basis for the above finding and it must be overturned.[1]

Considering that the petitioner has had 12 years of service, that he has received special recognition by the agency, that this is a first offense of AWOL, that it was merely for four hours, and that the other offenses were widely spaced in time and demonstrated no pattern of misconduct,[2] I agree with the presiding official that the severe penalty of removal is unduly harsh.

Moreover, the fact that Villela returned to the facility at approximately 11:35 p.m. the night of the incident to explain the circumstances, a fact not mentioned by the majority, shows, in my view, that there was no serious problem with his attitude or with the likelihood that a lesser penalty would have prevented future misconduct of this nature.

I would also draw a negative inference against the agency from its failure to question Martinez on whether the matter was reported to him the next day and that he approved leave, as testified to by three witnesses. Apparently the supervisor was absent, and granting leave was not wholly outside Martinez's authority in such circumstances.

Finally, the agency failed to rebut petitioner's showing that his absence had no serious effect on the work of the agency on the night in question. If an agency is to rely on a single very short absence as a ground for removal, in my opinion, it is incumbent on the agency to show that the employee's absence created the possibility of serious consequences because of the nature of the position he held.

What has happened in this case is a wooden application by the MSPB and the majority of a table of penalties construed most unfavorably to an employee with no appreciation of the balance articulated so well in *Douglas* and recognized by the presiding official. I, therefore, dissent.

---

1. Our standard of review of evidentiary matters is to determine whether substantial evidence supports the MSPB finding. 5 U.S.C. § 7703(c)(3). In view of the burden of proof on the agency in this case, we must ascertain whether there is evidence which a reasonable person might find constitutes a preponderance of the evidence establishing that the agency considered mitigating factors. *SSIH v. USITC,* 718 F.2d 365, 383, 218 USPQ 678, 693 (Fed.Cir. 1983). Clearly the answer is, "No." In effect the MSPB shifted the burden of proof, an error of law.

2. The two previous incidents involved a fight and drunkenness, entailing short suspensions. Contrary to the majority, the nature of a previous offense is pertinent although it need not be precisely the same.