878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose C. ABRIGO, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3390.
 United States Court of Appeals, Federal Circuit.
 June 7, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Jose C. Abrigo, Jr. seeks review of the final decision of the Merit Systems Protection Board (board), Docket No. SF07528810333, sustaining the United States Postal Service's decision to remove him from his position as letter carrier for unauthorized entry into a private dwelling while he was on duty. We vacate and remand for imposition of a lesser penalty.
 
 OPINION
 
 2
 Substantial evidence supports the charge that Abrigo committed the offense of unauthorized entry while on duty. At oral argument counsel conceded this point.
 
 
 3
 Abrigo, an eleven-year employee, was removed on the basis of the unlawful entry charge. This charge, as written, sounds serious, but, in fact, was not. The uncontradicted evidence indicates that Abrigo had been given a glass of soda by a ten year old girl who resided at the house Abrigo entered. He entered the dwelling in question in order to return the glass to the young girl. The entry was unauthorized because it was not sanctioned by an adult.
 
 
 4
 The assessment of a proper penalty is a matter committed to the agency's discretion. Weston v. U.S. Dept of Housing & Urban Dev., 724 F.2d 943, 949 (Fed.Cir.1983). However, a penalty may be so harsh or disproportionate as to constitute an abuse of that discretion. In such instances, the sanction may be set aside. Id.; Graybill v. United States Postal Service, 782 F.2d 1567, 1574 (Fed.Cir.) cert. denied, 479 U.S. 963 (1986). After reviewing the board's decision, and its basis for sustaining Abrigo's removal, we are convinced that this case is one where the penalty imposed is so disproportionate as to constitute an abuse of discretion. The agency and the board gave absolutely no consideration to the rehabilitation and counseling Abrigo underwent, as well as the mitigating circumstances surrounding Abrigo's infraction, including the apparently technical nature of the violation and the fact that it was not committed maliciously or repeatedly. At worst, Abrigo's decision to enter the house reflects a momentary lapse of judgment.
 
 
 5
 This is not a situation where the incident was one of forceful entry or other aggravating circumstances. Abrigo did not enter an empty house, but entered with the permission of a resident who, solely because she was a minor, was not clothed with the authority required legally to grant entry. Rather, the removal was based on Abrigo's violation of the misdemeanor provision of the California penal code concerning unauthorized entry. Cal.Penal Code Sec. 602.5. Abrigo made a mistake when he entered a postal customer's dwelling relying on the representations of a ten year old girl. But that mistake does not justify his removal where the board failed to consider adequately all of the facts surrounding the removal decision. See Douglas v. Veterans Administration, 5 MSPR 280, 307 (1981). Contrary to the board's suggestion, the decision to remove under the circumstances presented here was not within the bounds of reasonableness. We conclude, therefore, that the administrative judge abused his discretion in sustaining Abrigo's removal on the basis of this charge. See Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984).
 
 
 6
 Accordingly, we vacate the penalty of removal and remand to the board with instructions to impose a lesser penalty.
 
 COSTS
 
 7
 Mr. Abrigo's costs will be paid by the agency.
 
 
 8
 Judge Bissell would have remanded to the board for an evaluation of the removal penalty in light of the board's failure to consider Abrigo's length of service and rehabilitation potential.