5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Annie G. BIRCH, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 93-3076.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1993.
 
 Before ARCHER, RADER, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 Annie G. Birch petitions for review of the May 7, 1992 decision of the administrative judge (AJ) in Merit Systems Protection Board (Board) Docket No. AT-752920378-I-1. The AJ's decision became the final decision of the Board when Ms. Birch's petition for review was denied on October 23, 1992. In his decision, the AJ sustained the action of the Department of Defense in removing Ms. Birch from her position for having falsified expense vouchers. We affirm-in-part and reverse-in-part.
 
 DISCUSSION
 
 2
 We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). The AJ found that Ms. Birch acted in reckless disregard of the truth, or with a conscious purpose to avoid learning the truth, when she submitted her expense vouchers. Here, we cannot say that the AJ's finding is not supported by substantial evidence. The form involved clearly asked for actual daily expenses, and Ms. Birch admitted that the amounts entered on her form were not the actual amounts she incurred for each meal and that she did not verify the amounts which she alleges her co-worker computed. Accordingly, we affirm the decision of the Board that Ms. Birch committed the offense with which she was charged.
 
 
 3
 This court will not disturb a penalty "unless it exceeds the range of permissible punishment or is so harsh and unconsciously disproportionate to the offense that it amounts to an abuse of discretion." Gonzales v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985) (quoting Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984)). In this case, imposition of the penalty of removal amounted to an abuse of discretion.
 
 
 4
 First of all, while it is true that Ms. Birch acted recklessly in submitting the averaged vouchers, the AJ did not find, as a factual matter, that her intent was to defraud the agency. In addition, beyond her 18-year record of exceptional service, the evidence is uncontroverted that (i) Ms. Birch asked several people at the agency for help in completing the voucher forms; (ii) she attempted to tender meal receipts to Mr. Bukowski for his review; and (iii) she readily admitted that the amounts on her forms were not actual daily expenses and repeatedly offered to repay any amounts which the agency found to be overpayments. In addition, the agency's contention that it lost confidence in Ms. Birch's trustworthiness as a result of this incident is undermined by the fact that it allowed her to remain on duty during the 19-month period prior to the initiation of the removal action while an investigation was being conducted and during a six-month period after learning the results of the investigation. See Joint App. 362-86, 65-69.
 
 
 5
 For the forgoing reasons, the decision of the Board sustaining the penalty of removal is reversed. The penalty is reduced to a suspension of one year.