**Frances T. WOODS, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

**No. 02–3318.**

United States Court of Appeals, Federal Circuit.

DECIDED: May 12, 2003.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

DECISION

SCHALL, Circuit Judge.

Frances T. Woods petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of the Air Force ("agency") removing her from her position as a GS–5 Supervisory Education

Technician with the Child Development Center, 61st Air Base Group, Los Angeles, California. *Woods v. Dep't of Air Force,* 91 M.S.P.R. 383 (2002). We *affirm.*

## DISCUSSION

### I.

The events that resulted in Ms. Woods' removal took place on July 12, 2000. That day, at approximately 1:30 p.m., Ms. Woods, who was relieving another employee, was watching 12 children during their naptime. The children ranged in age from 2 to 4. In response to a fire alarm, Ms. Woods assembled the children and evacuated them to a park across the street. At the time, despite a visual inspection, Ms. Woods did not realize that she had overlooked one of the children, a 4–year old who was asleep on her cot, under a blanket. The child was discovered by a fireman, who carried her outside. No one was injured in the incident, and about 20 minutes later, the building was pronounced safe for return.

By memorandum dated December 14, 2000, the agency informed Ms. Woods that it proposed to remove her form her position based upon two charges: (i) negligence in properly supervising children under her care; and (ii) failure to comply with proper directives in using Air Force Form 1930 (Youth Flight Daily Attendance Record) to identify and account for children under her supervision. In a memorandum dated December 5, 2000 proposing Ms. Woods' removal, her supervisor undertook a twelve-part "Douglas factors" analysis. *See Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280, 308 (1981). Among other things, the memorandum noted that Ms. Woods had received extensive training in child safety and that, on December 2, 1997, she had received a letter of counseling after a similar incident in which she had left a child in a classroom during an emergency evacuation that resulted from a bomb threat. In responding to the proposed removal, Ms. Woods admitted that the alleged offense was serious, but she argued that removal was too severe a penalty.

On January 30, 2001, the agency informed Ms. Woods that she was to be removed from her position effective that day. In connection with the removal action, the deciding official signed a memorandum in which she concurred with the Douglas factors analysis prepared by Ms. Woods' supervisor.

Ms. Woods timely appealed her removal to the Board. On June 22, 2001, following a hearing at which Ms. Woods and other witnesses testified, the administrative judge ("AJ") issued an initial decision. In his initial decision, the AJ sustained the charge of negligence, but found that the agency had not proved the charge that Ms. Woods failed to use the proper form to account for the children in her care. The AJ found that the agency had established a nexus between the sustained charge of negligence and the legitimate interests of the agency. However, citing various mitigating factors, the AJ mitigated the penalty to a ninety-day suspension.

On July 26, 2001, the agency petitioned the Board for review of the AJ's initial decision. Subsequently, on May 7, 2002, the Board issued a final decision in which it granted the petition for review in part, affirmed the initial decision as to the charges against Ms. Woods, but modified the initial decision by sustaining the penalty of removal.

Ms. Woods timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifi-

cally, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

On appeal, Ms. Woods makes essentially two arguments. The first is that the Board erred when it determined that a balancing of the Douglas factors justified imposition of the penalty of removal. According to Ms. Woods, removal is too severe a penalty for her offense, and the AJ properly mitigated the penalty to a suspension. Ms. Woods' second argument is that the Board erred in not finding that she was subjected to disparate treatment.[1] We address these contentions in turn.

■ We will only overturn an agency's penalty determination if it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *O'Neill v. Dep't of Hous. & Urban Dev.*, 220 F.3d 1354, 1365 (Fed.Cir. 2000) (quoting *Villela v. Dep't of Air Force*, 727 F.2d 1574, 1576 (Fed.Cir.1984)). In this case, we simply cannot say that the agency abused its discretion in imposing the penalty of removal. While it is true that Ms. Woods' 15 years of service with the agency were free of disciplinary ac-

tions and were marked by fully successful performance appraisals, her offense, as she acknowledges, was serious. In addition, when she was counseled in 1997 for having overlooked a child during a bomb threat evacuation, she was warned that a similar incident in the future could result in her removal. Under these circumstances, we cannot properly disturb the agency's decision to impose the penalty of removal.

■ Turning to Ms. Woods' second argument, in order to prevail on a claim of disparate treatment, a petitioner must demonstrate that similarly situated employees were treated differently for the same offense. *Casias v. Dep't of Army*, 62 M.S.P.R. 130, 131–32 (1994). Substantial evidence supports the Board's finding that Ms. Woods was not subjected to disparate treatment. Neither of the two employees to whom Ms. Woods points—both of whom the Board recognized performed unsatisfactorily on the day of the incident—was primarily responsible as a caregiver for children, as was Ms. Woods. In addition, unlike Ms. Woods, neither of the two employees was involved in a prior incident of similar negligence.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.

---

1. Ms. Woods also argues that the Board improperly substituted its own credibility determinations for those of the AJ. Ms. Woods points to the AJ's alleged findings (i) that her remorse over the July 12th incident appeared genuine; and (ii) that the agency's assertion (through the testimony of Ms. Woods' supervisor) that it had lost confidence in her was not credible because, following the incident, her duties were not changed, and the agency waited five months before initiating a removal action. Ms. Woods states that the Board

found that the AJ erred in considering both of the above factors when he mitigated the penalty. The record does not support Ms. Woods' assertions. In its final decision, the Board did not question the sincerity of Ms. Woods' remorse. Neither does it appear that the AJ made any demeanor-based credibility determinations with respect to Ms. Woods' supervisor. Rather, the AJ concluded that the agency's actions undermined its assertion that it had lost confidence in Ms. Woods.