**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEITH J. DAVIS,

    Appellant,

   v.

DEPARTMENT OF THE NAVY,

    Agency.

DOCKET NUMBER
PH-0752-12-0073-B-1

DATE: July 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marshall J. Tinkle</u>, Esquire, Portland, Maine, for the appellant.

<u>Barbara M. Dale</u>, Esquire, and <u>Richard Dale</u>, Esquire, Newport, Rhode
 Island, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant and the agency both have filed petitions for review of the remand initial decision, which found that the appellant did not establish his affirmative defenses and mitigated the agency-imposed removal penalty to a 30-day suspension. For the reasons discussed below, we DENY the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, GRANT the agency's petition for review, and AFFIRM the remand initial decision AS MODIFIED to reverse the mitigation and sustain the removal penalty. Except as expressly MODIFIED by this Final Order, the remand initial decision is the Board's final decision.

¶2      The appellant, a GS-5 Police Officer, filed a formal equal employment opportunity (EEO) complaint in 2008 based on perceived disability, *Davis v. Department of the Navy*, MSPB Docket No. PH-0752-12-0073-I-1, Initial Appeal File (IAF), Tab 28 at 34-38, and amended it eight times, *id.*, Exhibits M-U. On June 11, 2010, after some complaints about his on-the-job conduct, the agency issued him a nondisciplinary Letter of Requirement which set forth its expectations regarding his interactions with customers. IAF, Tab 5 at 120-22. On October 18, 2010, the agency issued a decision suspending the appellant for 3 days based on five specifications of inappropriate behavior. *Id.* at 115-19. He filed a grievance challenging the suspension. IAF, Tab 28, Exhibit FF. On January 31, 2011, the agency issued the appellant a second 3-day suspension based on four specifications of inappropriate conduct. IAF, Tab 5 at 109-12. He filed a grievance challenging that suspension. IAF, Tab 28, Exhibit HH. On April 18, 2012, the agency issued the appellant a 10-day suspension based on two specifications of inappropriate conduct. IAF, Tab 5 at 97-98. He also filed a grievance challenging that suspension. IAF, Tab 28, Exhibit NN. And, on May 24, 2011, the agency issued the appellant a 14-day suspension based on two specifications of inappropriate conduct. IAF, Tab 5 at 88-89. He filed a grievance challenging the suspension. IAF, Tab 28, Exhibit RR.

¶3      Effective October 19, 2011, the agency removed the appellant based on two specifications of inappropriate language and/or disrespectful comments towards senior and/or supervisory police personnel and three specifications of refusing to follow requests and/or orders given by senior and/or supervisory police personnel. IAF, Tab 5 at 23, 36. In effecting the action, the agency considered the appellant's past record as described above. *Id.* On appeal, the appellant

raised as affirmative defenses retaliation for engaging in protected EEO and grievance activity, reprisal for whistleblowing, disability discrimination based on perceived disability, and harmful error. IAF, Tabs 1, 28.

¶4        After convening the requested hearing, the administrative judge issued an initial decision in which she did not sustain the first charge, IAF, Tab 32, Initial Decision (ID) at 5-8, but did sustain the second charge based on the third specification alone, ID at 8-12. The administrative judge also found that the appellant did not establish any of his affirmative defenses, ID at 14-19, that the agency established that there was a nexus between the sustained charge and the efficiency of the service, ID at 19, but that removal exceeded the bounds of reasonableness, ID at 19-21. Accordingly, she mitigated the penalty to a 30-day suspension. ID at 21.

¶5        Previously, on the appellant's petition for review and the agency's cross petition for review, the Board found that the administrative judge failed to provide a reasoned explanation for mitigating the penalty, *Davis v. Department of the Navy*, MSPB Docket No. PH-0752-12-0073-B-1, Remand Order at 5-6 (June 20, 2014) (Remand Order), and that she erred in her analysis of the appellant's claims that the agency's action was in retaliation for his protected EEO and grievance activity and in reprisal for his whistleblowing, *id*. at 8-14. As such, the Board remanded the case for further adjudication. *Id*. at 14.

¶6        On remand, the administrative judge directed the parties to the above three issues and established a briefing schedule. Remand Appeal File (RAF), Tab 2. On receipt of the parties' written submissions, RAF, Tabs 6-8, 11, she issued a remand initial decision in which she again found that the appellant had failed to establish his claims of retaliation and reprisal, RAF, Tab 14, Remand Initial Decision (RID) at 2-16, and that, on consideration of the relevant factors, a 30-day suspension remained the appropriate penalty for the sustained charge, RID at 16-19.

¶7    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 5, and the appellant has replied to that response, PFR File, Tab 7. The agency also has filed a petition for review, PFR File, Tab 2, to which the appellant has responded in opposition, PFR File, Tab 6.

The appellant's petition for review

¶8    We first address the appellant's claim that the administrative judge erred in analyzing his retaliation claim based on protected EEO and grievance activity. PFR File, Tab 1 at 9-18. To determine if the appellant met his burden of showing retaliation, the Board directed the administrative judge to consider circumstantial evidence, including evidence of suspicious timing, evidence that similarly situated employees were treated better, and evidence that the employer's stated reason for its action was pretextual. Remand Order at 9. This general type of evidence is sometimes said to comprise a "convincing mosaic" of retaliation. *Kohler v. Department of the Navy*, 108 M.S.P.R. 510, ¶ 13 (2008). The Board also directed the administrative judge to consider whether the deciding official, in imposing removal, may have relied on information provided by other officials in the prior disciplinary actions who may have had a retaliatory motive. And, the Board directed the administrative judge to make credibility findings, as appropriate, to address this claim. Remand Order at 9.

¶9    The administrative judge acknowledged that the timing of the prior disciplinary actions was "somewhat suspicious" in that all four suspensions were issued within a 7-month time span. RID at 9. She found, however, that the appellant proffered no credible evidence that similarly situated employees were treated better, RID at 6, or that the agency's stated reasons for issuing the four suspensions were pretextual, RID at 6-9.

¶10    On review, the appellant alleges that the administrative judge ignored evidence that the agency treated him much more severely than similarly situated employees for similar misconduct. PFR File, Tab 1 at 13. Specifically, the

appellant alleges that the administrative judge ignored the "convincing testimony" of his witness, a union steward who was involved in some of the grievances that were filed to challenge the appellant's prior suspensions. He testified that, based on information he requested from the agency, he determined that the appellant was disciplined more severely than other similarly situated police officers. Hearing Transcript (HT) at 275, 277. Although the administrative judge did not specifically refer to the union steward's testimony, her failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The administrative judge mentioned the document upon which the union steward's testimony was based. That document was a list of thirty-five alleged comparators who were disciplined for "inappropriate behavior," as was the appellant in his first 3-day suspension. IAF, Tab 28, Exhibit VVV. The administrative judge found that only two of the thirty-five employees were Police Officers, and that one was suspended for 3 days and that the other was suspended for 14 days. The administrative judge, acknowledging that the document did not provide the circumstances underlying the behavior that resulted in the discipline imposed on the alleged comparators, nonetheless found that the evidence negated the appellant's assertion of disparate treatment. RID at 6. Beyond his mere disagreement, the appellant has not shown error in the administrative judge's statement that he proffered no credible evidence that similarly situated employees were treated better.

¶11 The appellant argues that the administrative judge erred in failing to find that "overwhelming and unrebutted evidence" showed that none of the prior suspensions was warranted. PFR File, Tab 1 at 13. The appellant's grievances set forth his challenges to the suspensions, and his hearing testimony was in accord. In considering that testimony, and in finding that the appellant failed to convincingly refute any of the prior actions, the administrative judge noted his

credibility, specifically his demeanor. She found that his tone occasionally evidenced resentment toward the agency and management, and that he came across as inflexible, somewhat obstinate in his interpretation of agency rules and regulations, as well as in his perception of how others treated him, and that his blanket denials as to the misconduct with which he was charged was generally not convincing. RID at 6-7. As to his challenge to the second 3-day suspension, the administrative judge specifically found that the appellant's testimony was inconsistent, that he over-explained his interactions with the contractors in an apparent attempt to justify his less than professional and courteous behavior, and that his excessive explanations, coupled with his demeanor, significantly diminished his credibility. RID at 7. The appellant argues that the administrative judge's credibility findings are suspect because she made no such findings in the first initial decision and because, in purporting to make them now, 2 years later, she fails to acknowledge that an employee, like the appellant, who has been removed by the agency might well have a tone that "occasionally evidence[s] resentment." PFR File, Tab 1 at 13-14.

¶12    The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not provided such reasons. We first note that the Board, in its Remand Order, did not require the administrative judge to convene another hearing in order to retake testimony or take additional testimony but rather allowed that, in her discretion, she could hear additional testimony from those who testified or from other witnesses who may have relevant evidence. Remand Order at 14. Determining that additional testimony was not necessary, RAF, Tab 10, the administrative judge based her decision on the appeal record, the hearing transcript both in its paper and audio formats, her independent recollection of the

testimony, and the parties' briefs, RID at 2. Examination of the remand initial decision reveals the administrative judge's exhaustive review of the record evidence and her numerous citations to hearing testimony. RID at 2-11. And, as the Board directed her to do, Remand Order at 10, she made credibility determinations, specifically demeanor-based credibility determinations, in order to fully address the appellant's allegation that the agency's action was due to retaliation for his having engaged in protected activity, *see Mangano v. Department of Veterans Affairs*, 109 M.S.P.R. 658, ¶ 23 (2008). Beyond his mere speculation that the administrative judge's credibility determinations are suspect and her related findings not well founded, the appellant has not shown that she abused her discretion or otherwise exceeded her authority in adjudicating the matter at issue, *see* 5 C.F.R. § 1201.41(a), (b), or that her findings are not supported by the record.

¶13        The appellant also argues on review that the administrative judge's analysis reflects a misunderstanding of "cat's paw liability." PFR File, Tab 1 at 16-17. The Supreme Court has adopted the term "cat's paw" to describe events in a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action. *See Staub v. Proctor Hospital*, 131 S. Ct. 1186, 1190, 1193-94 (2011). The appellant argues that the administrative judge erred in finding that there was no evidence that the deciding official had actual or constructive knowledge of the appellant's protected activity. The appellant reasons that the deciding official, who never met the appellant, relied solely on the notice of proposed removal along with the supporting documentation compiled by the proposing official. PFR File, Tab 1 at 16-17. The administrative judge acknowledged that the deciding official was aware of the four disciplinary actions, and the record reflects that that is so, as evidenced by the *Douglas* factors analysis worksheet he prepared, IAF, Tab 27 at 13-25; HT at 97, and the fact that the appellant addressed his past record in his written reply to the proposal notice,

IAF, Tab 5 at 46-48. The appellant has not shown that this knowledge by the deciding official, in and of itself, reflects cat's paw liability. The administrative judge further found, however, that there was no circumstantial evidence that the deciding official was unduly influenced by other management officials. RID at 11. In this regard, the appellant argues that, since the management officials responsible for the prior suspensions knew that he had challenged those actions, the deciding official necessarily had constructive knowledge of the appellant's protected activity and was thereby influenced by those officials. The appellant has not shown, however, that the management officials responsible for the prior suspensions themselves acted because of an improper animus or that they influenced the deciding official.

¶14    The appellant also argues on review that, in finding that he failed to convincingly refute any of the prior disciplinary actions, the administrative judge improperly drew an adverse inference from the appellant's decision to call only one of the witnesses he had listed who were approved to testify. PFR File, Tab 1 at 14-15. The appellant states that, in his view, the others would not have added anything to the testimony of the one witness he did call. *Id.* at 14. We are not persuaded that the administrative judge drew an adverse inference. Rather, she merely noted that the appellant did not call, or even request, any witnesses to refute the allegations contained in the prior disciplinary actions and that, even though six of his seven requested witnesses were approved to testify on his behalf, he opted to call only one. RID at 9; *see, e.g.*, *Boal v. Department of the Army*, 51 M.S.P.R. 134, 137 (1991).

¶15    We next address the appellant's claim that the administrative judge erred in analyzing his claim of reprisal for protected whistleblowing activity. PFR File, Tab 1 at 18-23. To determine whether the appellant met his burden of showing reprisal, the Board directed the administrative judge to consider that, under the Whistleblower Protection Enhancement Act of 2012 (WPEA) and current precedent, reporting misconduct by a wrongdoer to a wrongdoer is protected

activity, Remand Order at 12, and the appellant's reporting of the factual matters underlying his grievances may be protected if he reported them outside the grievance procedures, *id.* at 12-13; and to consider if the deciding official was influenced by individuals with knowledge of the appellant's protected whistleblower activity, *id.* at 13-14.

¶16     The administrative judge considered six instances in which the appellant alleged that he engaged in protected whistleblower activity. Applying the WPEA and proper precedent, the administrative judge found that the appellant did not show that the first four amounted to protected disclosures, RID at 12-14, and that, although the last two, wherein the appellant contacted his Senator and filed one, or perhaps two, whistleblower complaints with the Office of Special Counsel, did constitute protected disclosures, he did not show that either was a contributing factor in his removal. As to this latter finding, the administrative judge found that, beyond the appellant's unsubstantiated speculation, he failed to prove that the three named management officials had actual knowledge of these disclosures or that, acting out of an improper animus, they influenced the deciding official. RID at 14-16.

¶17     In challenging these findings on review, the appellant argues that the administrative judge erred by considering each act "in isolation." PFR File, Tab 1 at 19. The appellant has not shown, however, that the administrative judge's analysis was improper. When raising whistleblower reprisal as an affirmative defense, the appellant must show by preponderant evidence that he made a protected disclosure and that the disclosure was a contributing factor in the agency's personnel action. *Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 16 (2008). The administrative judge considered the appellant's claimed acts of reprisal and found, based on the documentary and testimonial evidence of record, that, as to some, he failed to prove that he made protected disclosures. For example, the administrative judge found no showing that a disinterested observer with knowledge of the essential facts known to and

readily ascertainable by the appellant could reasonably conclude that an enlisted personnel who may have nodded off for a second or two presented a substantial and specific danger to public health or safety, RID at 12-13, and found no protected disclosure when the appellant complained to a union official about a suspension within the confines of the grievance arena, RID at 14. The administrative judge further found that, as to other disclosures that were arguably protected, the appellant failed to show that they were a contributing factor in his removal. For example, the administrative judge found no contributing factor in the absence of evidence that management officials had actual knowledge of the appellant's protected disclosures or that they otherwise, because of improper animus, influenced the deciding official. RID at 15-16. Having considered the appellant's arguments on review regarding the administrative judge's findings as to the six disclosures, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).[2]

The agency's petition for review

¶18      In its petition for review, the agency argues that the administrative judge erred in mitigating the penalty. PFR File, Tab 2.

---

[2] On review, the appellant argues that he made two additional protected disclosures that the administrative judge failed to consider. PFR File, Tab 1 at 22. In addressing the appellant's whistleblower reprisal claim, the Board, in its Remand Order, found that the appellant alleged below that he engaged in six protected disclosures or activity. Remand Order at 11. The Board instructed the administrative judge to make specific findings as to whether those disclosures were protected under current law, and, if so, whether they were a contributing factor in the appellant's removal. *Id*. at 11-14. On remand, the administrative judge addressed those six instances and, as directed, made findings as to each. RID at 12-16. In so doing, she properly followed the Board's remand instructions. *See Mangano*, 109 M.S.P.R. 658, ¶ 23. As a result, we disagree with the appellant's argument that the administrative judge should have considered these two alleged additional protected disclosures.

¶19     When the Board sustains fewer than all of the agency's charges, it may mitigate the agency's penalty to the maximum reasonable penalty, so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires a lesser penalty be imposed on fewer charges. *Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶ 9 (2012). However, as set forth below, we find that the administrative judge's decision to mitigate the penalty to a 30-day suspension is not justified because the agency's chosen penalty, removal, is the maximum reasonable penalty for the sustained misconduct under the circumstances of this case. *See Simmons v. Department of the Air Force*, 99 M.S.P.R. 28, ¶ 37 (2005) (the Board may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors), *aff'd sub nom. Gebhardt v. Department of the Air Force*, 186 F. App'x 996 (Fed. Cir. 2006).

¶20     In considering the penalty issue, the administrative judge found that mitigation was appropriate because the agency proved only one of five specifications and only one of two charges and because the appellant showed a potential for rehabilitation. RID at 18. The administrative judge also found that the agency's table of penalties provides for a range of reprimand to a 5-day suspension for a first offense of "deliberate refusal to carry out any proper order from any supervisor having responsibility for the work of the employee." *See* IAF, Tab 30, Exhibit ZZZ at 22. In this regard, the administrative judge discounted the appellant's prior suspensions because she found that they were imposed for different offenses than the one at issue, failure to follow a request. RID at 18.

¶21     The agency argues on review that the administrative judge improperly discounted the appellant's past record. PFR File, Tab 2 at 11-13. We agree. The Board has held that prior discipline will not be discounted on the basis that it is unrelated to the current disciplinary action. *Taylor v. Department of Justice*,

60 M.S.P.R. 686, 699 (1994); *Lewis v. Department of the Air Force*, 51 M.S.P.R. 475, 484 (1991); *see Villela v. Department of the Air Force*, 727 F.2d 1574, 1577 (Fed. Cir. 1984) (removal for current offense of absence without leave reasonable in light of prior offense of fighting and intoxication); *Kehrier v. Department of Justice*, 27 M.S.P.R. 477, 480 n.1 (1985) (past disciplinary record was considered in assessing the reasonableness of penalty despite the fact that it was unrelated to current charge).  Therefore, in assessing the reasonableness of the penalty, we find that the administrative judge erred in not considering the appellant's prior four suspensions even though they were based on inappropriate behavior and conduct.  Consideration of those suspensions is significant because it renders the removal the appellant's fifth disciplinary action in only a 1-year period and thus draws into question the administrative judge's finding that he has shown a potential for rehabilitation.  *See Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 19 (2005).

¶22        Even though she mitigated the penalty, the administrative judge acknowledged that the appellant's refusal to follow a request, issued three separate times by senior personnel, was serious, particularly in light of his law enforcement position, and that, based on his own experience, he knew or should have known that he was required to obey the directive first and then, if he disagreed with the directive, to raise the issue in a grievance at a later time.  She also found that the appellant's position required that he frequently interact with the public, specifically contractors who regularly entered the shipyard, but that he often displayed unprofessional and inappropriate behavior in his interactions, as evidenced by his four prior suspensions.  RID at 17.  The administrative judge also found that the appellant exhibited an inability to get along with fellow workers.  And, she found that he was clearly on notice that his inappropriate and argumentative conduct violated agency rules and regulations, that his continued inappropriate conduct unavoidably diminished his ability to satisfactorily perform

his duties as well as his supervisors' confidence in his ability to do so, and that he offered no mitigating factors for his conduct.  RID at 18.

¶23    Notwithstanding that only one specification of misconduct has been sustained, we find, for all of these reasons, and based on the appellant's significant past disciplinary record, that removal is the maximum reasonable penalty for the sustained misconduct in this case.  *See Alaniz*, 100 M.S.P.R. 105, ¶ 16 (removal may be a reasonable penalty for relatively minor misconduct when an employee has a record of prior discipline).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The remand initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.